| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| SHONDA THOMAS, § § § Plaintiff, § § *versus* § § COMMISSIONER OF SOCIAL SECUIRTY, § § Defendant. § | CIVIL ACTION NO. 9:23-CV-26-MAC |

## ORDER OVERRULING OBJECTIONS AND ADOPTING
## REPORT AND RECOMMENDATION

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. The court referred this matter to the Honorable Christine Stetson, United States Magistrate Judge for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the Commissioner's decision be affirmed. The court has considered the report and recommendation filed on May 7, 2024 (#17), and the Plaintiff's objections (#18).

Thomas' objections assert that the ALJ failed to properly consider NP Parker's medical opinion by not explaining how he considered the supportability and consistency factors. "Supportability refers to the relationship between the conclusions drawn by the medical opinion and the evidence used to support those conclusions, while consistency refers to how well a medical source is supported, or not supported, by the entire record." *Erlandsen v. O'Malley*,

No. 4:23-CV-83-ALM-KPJ, 2024 WL 898915, at *4 (E.D. Tex. Feb. 14, 2024), *R. & R. adopted*, 2024 WL 897598 (E.D. Tex. Mar. 1, 2024).

> The ALJ noted in his decision that:
>
> This opinion is not fully consistent with Nurse Parker's own treatment notes, which did not document objective signs of significant manipulative limitations. Moreover, the claimant's overall presentation is not consistent with the finding that she would require the ability to lay down, additional breaks of an unknown duration, or miss three to four days of work a month. Specifically, there was no indication of a consistent need for multiple interventions in a month nor were there objective signs indicating that she was unable to function with that frequency. In the contemporaneous treatment record, there were also no recommendations for bedrest or indication that her sitting was as limited as found by Nurse Parker. Further, as shown above, the record includes a plethora of relatively unremarkable physical examinations.

(Tr. 37.) The ALJ must cite to specific evidence in the record, and there must be a discernable, logical bridge between the evidence and the ALJ's persuasiveness finding. *Erlandsen*, 2024 WL 898915, at *4. Clearly, the ALJ discussed NP Parker's own records pointing out the lack of manipulative limitations, evidence that she needed lay down, etc., and also the record as a whole in comparison. This is a sufficient explanation as required by the regulations and case law. Further, as explained by Judge Stetson, the record supports the ALJ's above rationale for discounting this opinion in favor of Dr. Dhiman's expert opinion. Consequently, there is substantial evidence supporting the ALJ's RFC findings.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b). After careful consideration, the court concludes that the objections are without merit because the magistrate judge properly found that the ALJ's application of the sequential analysis was free from legal error and supported by substantial evidence. Accordingly, the court ADOPTS the magistrate judge's recommendation,

OVERRULES the Plaintiff's objections, and AFFIRMS the Commissioner's denial of benefits. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 28th day of May, 2024.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE